Raina C. Borrelli (*Pro Hac Vice*)
raina@straussborrelli.com
Andrew G. Gunem (SBN 354042)
agunem@straussborelli.com
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109

Scott Edelsberg (CA Bar No. 330990)
scott@edelsberglaw.com
**EDELSBERG LAW, P.A.**
1925 Century Park E #170
Los Angeles, CA 90067
Telephone: (305) 975-3320

*Attorneys for Plaintiffs and Proposed Class*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| **OMAR BOLANOS AND CAREN LUKE**, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>**CROSSROADS EQUIPMENT LEASE AND FINANCE, LLC,**<br><br>                Defendant. | Case No. 5:24-cv-00552-JGB-SP<br><br>**PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT**<br><br>Judge Jesus G. Bernal<br><br>Date: November 17, 2025<br>Time: 9:00 a.m.<br>Courtroom: 1 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE THAT** on Monday, November 17, 2025, at 9:00 a.m. or as soon thereafter as the matter may be heard by the Hon. Jesus G. Bernal of the United States District Court for the Central District of California, Eastern Division, located in Courtroom 1 at 3470 12th Street, Riverside, California 92501. Plaintiffs, through their undersigned counsel of record, will and hereby do move pursuant to Federal Rule of Civil Procedure 23 for entry of an order, *inter alia*:

(1) granting final approval of the Settlement;

(2) finally certifying the Settlement Class for purposes of settlement only;

(3) finally appointing Plaintiffs Omar Bolanos and Caren Luke as Settlement Class Representatives;

(4) finally appointing Scott Edelsberg of Edelsberg Law, P.A. and Raina C. Borrelli of Strauss Borrelli PLLC as Settlement Class Counsel;

(5) finally appointing Epiq Class Action & Claims Solutions as the Settlement Administrator;

(6) awarding the requested Attorney Fees, Costs, and Service Award; and

(7) finding that Notice complied with the Court's Preliminary Approval Order, due process, and the Federal Rules of Civil Procedure.

This Unopposed Motion is based on this Notice of Motion, the supporting Memorandum of Points and Authorities, the Declaration of Raina C. Borrelli (Exhibit 1), the Declaration of Cameron R. Azari, Esq., (Exhibit 2), all pleadings and exhibits herein, and any other matter of which this Court may take judicial notice.

---

1  Pursuant to Local Rule 7-3, proposed Settlement Class Counsel conferred with

2  Defendant, and Defendant does not oppose the relief sought by Plaintiffs.

3

   Dated: October 20, 2025            By: */s/ Raina C. Borrelli*

4                                     Raina C. Borrelli (*Pro Hac Vice*)
                                       Andrew G. Gunem (SBN 354042)
5                                     **STRAUSS BORRELLI PLLC**
                                       One Magnificent Mile
6                                     980 N. Michigan Avenue, Ste. 1610
                                       Chicago, IL 60611
7                                     Telephone: (872) 263-1100
                                       Facsimile: (872) 263-1109
8                                     raina@straussborrelli.com
                                       agunem@straussborrelli.com
9

10                                    Scott Edelsberg (CA Bar No. 330990)
                                       **EDELSBERG LAW, P.A.**
11                                    1925 Century Park E #170
                                       Los Angeles, CA 90067
12                                    Telephone: (305) 975-3320
                                       scott@edelsberglaw.com
13

14                                    *Attorneys for Plaintiffs and the Proposed Class*

15

16

17

18

19

20

21

22

23

24

---

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT AND
MEMORANDUM IN SUPPORT – 2

# TABLE OF CONTENTS

I.    INTRODUCTION....................................................................................1

II.   BACKGROUND ....................................................................................2

  A.    Litigation History. ........................................................................2

  B.    The Settlement Class........................................................................3

  C.    Settlement Benefits. .......................................................................3

  D.    The Notice Program. .......................................................................4

  E.    Opt-Outs & Objections. ...................................................................6

  F.   Claims Administration......................................................................6

III.  LEGAL STANDARD .............................................................................6

IV.   ARGUMENT..........................................................................................6

  A.    The Settlement Class satisfies Rule 23(a) and Rule 23(b)(3)....................7

  B.    Final Approval Is Appropriate Under Rule 23(e). ..................................10

    1.   Class Counsel and Plaintiffs Provided Adequate Representation. ............11

    2.   The Settlement was Negotiated at Arm's Length. ................................11

    3.   The Settlement Provides Adequate Relief. .................................12

    4.   The Settlement Treats Class Members Equitably.....................................14

  C.    The Settlement is Proper Under *Briseño* and the *Bluetooth* Factors. ........15

  D.    The *Hanlon/Staton* Factors Support Final Approval. ...............................16

    1.   The Strength of Plaintiff's Case.......................................................16

    2.   The Risk, Expense, Complexity, and Duration of Litigation. ....................17

3.    The Risk of Maintaining Class Action Status. ............................................18

4.    The Amount Offered in Settlement. ............................................................18

5.    The Extent of Discovery and Stage of Proceedings. ...................................19

6.    The Experience and Views of Counsel. ......................................................19

7.    The Presence of a Governmental Participant. .............................................19

8.    The Reaction of the Class Members. ..........................................................20

E.    The Notice Program Satisfied Due Process. ................................................20

V.    CONCLUSION. ...............................................................................................21

# TABLE OF AUTHORITIES

**Cases**

*Atzin v. Anthem, Inc.*,
  No. 2:17-cv-06816, 2022 U.S. Dist. LEXIS 166417 (C.D. Cal. Sep. 14, 2022)....7

*Briseño v. Henderson*,
  998 F.3d 1014 (9th Cir. 2021)................................................. 1, 6, 15, 16

*Carter v. Vivendi Ticketing United States LLC*,
  No. SACV 22-01981, 2023 U.S. Dist. LEXIS 210744 (C.D. Cal. Oct. 30, 2023)7,
  8, 9, 10, 12, 18

*Gupta v. Aeries Software, Inc.*,
  No. SA CV 20-0995, 2023 U.S. Dist. LEXIS 36141 (C.D. Cal. Mar. 3, 2023)....7,
  12, 18

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998)............................... 1, 6, 16, 17, 18, 19, 20

*Harbour v. Cal. Health & Wellness Plan*,
  No. 5:21-cv-03322, 2024 U.S. Dist. LEXIS 7783 (N.D. Cal. Jan. 16, 2024) .. 7, 8,
  9, 10, 12, 16, 18

*Hashemi v. Bosley, Inc.*,
  No. CV 21-946, 2022 U.S. Dist. LEXIS 210946 (C.D. Cal. Nov. 21, 2022). 7, 12,
  15, 17, 18

*In re Canon United States Data Breach Litig.*,
  No. 20-CV-6239, 2024 U.S. Dist. LEXIS 138499 (E.D.N.Y. Aug. 5, 2024) ......18

*In re Onix Grp., LLC Data Breach Litig.*,
  No. 23-2288, 2024 U.S. Dist. LEXIS 225686 (E.D. Pa. Dec. 13, 2024).............17

*Linney v. Cellular Alaska P'ship*,
  151 F.3d 1234 (9th Cir. 1998)...................................................................6

*Maldini v. Marriott Int'l, Inc.*,
  140 F.4th 123 (4th Cir. 2025) ...............................................................18

*Mary Nguyen v. Westlake Servs. Holding Co.*,
   No. 8:23-cv-00854, 2025 U.S. Dist. LEXIS 147801 (C.D. Cal. Jan. 27, 2025).....6

*Moore v. Ulta Salon, Cosmetics & Fragrance, Inc.*,
   311 F.R.D. 590 (C.D. Cal. 2015) ...........................................................................8

*Tanner v. Plavan Commer. Fueling, Inc.*,
   No. 3:24-cv-1341, 2025 U.S. Dist. LEXIS 150643 (S.D. Cal. Aug. 4, 2025) . 7, 8,
   9, 10, 11, 12, 13, 14, 16, 18, 19, 20

*Tobias v. Nvidia Corp.,*
   No. 20-cv-06081, 2025 U.S. Dist. LEXIS 11615 (N.D. Cal. Jan. 16, 2025) .......15

**Other Authorities**

WILLIAM B. RUBENSTEIN, NEWBERG AND RUBENSTEIN ON CLASS ACTIONS (6th ed.
   2022)....................................................................................................................10

**Rules**

Federal Rules of Civil Procedure, Rule 23 ....... 1, 6, 7, 10, 11, 12, 13, 14, 15, 16, 20

## I.    INTRODUCTION

On June 6, 2025, the Court granted Preliminary Approval of the Class Action Settlement, as set forth in a Settlement Agreement ("S.A.") between Plaintiffs Omar Bolanos and Caren Luke ("Plaintiffs"), and Defendant Crossroads Equipment Lease and Finance, LLC ("Crossroads" or "Defendant") (together the "Parties"). Pursuant to the Court's Order, the Settlement Administrator Epiq Class Action & Claims Solutions, Inc. ("Epiq" or "Settlement Administrator") issued notice to the Settlement Class on July 7, 2025. *See* Declaration of Cameron R. Azari, Esq. Regarding Implementation and Adequacy of Notice Plan ("Azari Decl."), ¶ 11.

Since then, direct notice has reached approximately 92.4% of the Settlement Class. *Id*. ¶ 7. The claims deadline is November 3, 2025. *Id*. ¶ 21. But as of October 16, 2025, Settlement Class Members have already filed 921 claims—which equates to a claims rate of 3.8% (though that number may change as claims are submitted and evaluated). *Id*. ¶ 21. The Opt-Out and Objection Deadlines passed on September 5, 2025—and zero (0) Settlement Class Members opted-out or objected to the Settlement. *Id*. ¶ 19.

As explained below, the Settlement satisfies Rule 23 (a), Rule 23(b)(3), Rule 23(e), the *Briseño* analysis, and the *Hanlon/Staton* factors—and the Court should grant final approval of the Settlement.

## II.    BACKGROUND

### A.    Litigation History.

Defendant is a transportation equipment leasing company based in California. Doc. 22 ("Consolidated Class Action Complaint" or "CAC"), at ¶¶ 2, 12. On or around April 1, 2023, cybercriminals gained unauthorized access to Defendant's computer network (the "Data Incident"). *Id*. ¶ 4. The Data Incident allegedly impacted the personal identifiable information ("PII") of the current and former customers of Defendant (the "Settlement Class" or "Settlement Class Members"). *Id*. ¶ 3-4, 25. On May 7, 2024, Plaintiffs filed the operative Consolidated Class Action Complaint. *Id.*

Over the course of several months, the Parties engaged in arms' length negotiations and exchanged informal discovery—which enabled the Parties to better evaluate the strengths and weaknesses of the underlying claims and defenses. *See* Declaration of Raina C. Borrelli in Support of Motion for Final Approval of Class Action Settlement ("Borrelli Dec."), ¶ 2. Eventually, the Parties reached an agreement on the principal terms of the Settlement and executed the Settlement Agreement. *Id*. ¶ 4. Plaintiffs filed the Unopposed Motion for Preliminary Approval of Class Action Settlement on March 21, 2025. *See* Dkt. No. 49. Then, on June 6, 2025, the Court granted preliminary approval—and directed the Settlement Administrator to disseminate Notice to the Class. *See* Dkt. No. 57.

---

**B.    The Settlement Class.**

The Settlement Class is defined as "All individuals residing in the United States to whom Defendant sent a notice concerning the Security Incident." *See* Dkt. No. 57, at 13. In total, there are an estimated 24,226 Settlement Class Members. Azari Decl. ¶ 11. However, the Settlement Class specifically excludes: (i) Crossroads, its officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iv) any judges assigned to this case and their staff and family; and (v) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge." S.A. ¶ 7.2.

**C.    Settlement Benefits.**

The Settlement provides substantial and timely relief to the Settlement Class—most notably, Defendant has agreed to establish a non-reversionary common fund of $425,000.00 (the "Settlement Fund"). S.A. ¶ 1.39. The Settlement provides for the following benefits:

***First***, all Settlement Class Members can claim "Out-of-Pocket Expense Reimbursement" of up to $1,000.00 for monetary losses incurred as a result of the Data Incident. *Id*. ¶ 2.1(b). Such claims will be paid from the Settlement Fund. *Id*. ¶ 2.1(d).

***Second***, all Settlement Class Members can claim a *pro rata* cash payment, estimated at $50 of all remaining cash after the payment of valid claims for Out-of-

---

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT – 3

Pocket Expense Reimbursement and Credit Monitoring Services (the "Net Settlement Fund"). *Id*. ¶ 2.1(c). Such claims will be paid from the Settlement Fund. *Id*.

**Third,** all Settlement Class Members can enroll in two (2) years of one-bureau credit monitoring provided through Epiq. *Id*. ¶¶ 1.7, 2.2 (a).

**Fourth**, the Settlement Fund will pay for the Costs of Claims Administration, Attorney Fees and Costs, and the Service Awards. *Id*. ¶ 2.1(a).

**Fifth**, the Settlement mandates that Defendant invest in "Business Practices Commitments" whereby Defendant will confirm that it implemented information security enhancements since the Security Incident. *Id*. ¶ 2.2(b). Notably, Defendant will pay for this benefit *separate and apart* from the Settlement Fund. *Id*.

To the extent that any portion of the Settlement Fund remains after (i) payments are made to class members; (ii) payment of attorney fees are provided to Class Counsel; (iii) payment of service awards are provided to Settlement Class Representatives and (iv) all administrative expenses are paid, the remainder shall be paid as a *Cy Pres* award to The Western Center of Law and Poverty. *Id*. ¶ 2.1(h). The Class Representatives, Class Counsel and Defendant do not have any financial interest in the Western Center for Law and Poverty. *Id*.

### D.    The Notice Program.

Pursuant to the Court's Order, the Settlement Administrator issued notice to the Settlement Class—which was successful and reached 92.4% of the Settlement Class. Azari Decl. ¶ 7. On June 20, 2025, Epiq received a data file containing the

---

Settlement Class Member names and mailing addresses. *Id*. ¶ 10. Then, Epiq updated the mailing addresses using the United States Postal Service's ("USPS") National Change of Address database ("NCOA"). *Id*. ¶ 12. Finally, the zip codes were certified via the Coding Accuracy Support System ("CASS"), and the accuracy of the addresses were verified through Delivery Point Validation ("DPV"). *Id*.

On July 7, 2025, Epiq issued Postcard Notice via First Class U.S. Mail to the 24,226 Settlement Class Members. *Id*. ¶ 11. The reach was further enhanced by a Settlement Website as the notice included a link to the Settlement Website where Settlement Class Members could access the Long Form Notice and additional information about the Settlement. *Id*. ¶¶ 7, 11, 16. For Postcard Notices returned as undeliverable, Epiq searched for updated addresses through USPS data and a third-party "lookup service." *Id*. ¶ 13. As of October 16, 2025, Epiq located updated addresses and remailed 1,332 Postcard Notices. *Id*.

On July 4, 2025, Epiq also established the Settlement Website at "www.CrossroadsDataBreachSettlement.com" to provide supplementary notice and easy access to all relevant information. *Id*. ¶ 16. Settlement Class Members are also able to file a Claim Form on the Settlement Website. *Id*. In total, the Settlement Website received 623 unique visitors and 2,290 views. *Id*. Additionally, Epiq established a toll-free number (1-888-820-1005) so that Settlement Class Members could learn about the Settlement in the form of recorded answers to FAQs, and to request a Claim Package in the mail. *Id*. ¶ 17. As of October 16, 2025, Epiq received 137 calls equating to 393 minutes of use. *Id*.

---

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT – 5

### E.    Opt-Outs & Objections.

In total, zero (0) Settlement Class Members opted out (i.e., excluded themselves) from the Settlement. *Id*. ¶ 19.  Additionally, zero (0) Settlement Class Members objected to the Settlement. *Id*.

### F.    Claims Administration.

As of October 16, 2025, Epiq has received 921 claim submissions. *Id*. ¶ 21. In other words, 3.8% of the Settlement Class has already filed a claim. *Id*. However, Epiq expects to receive additional claims over the next several weeks (as the claims period is open for claims postmarked by November 3, 2025). *Id*.  Additionally, Epiq will continue to review the validity of the claims submitted. *Id*.

## III.    LEGAL STANDARD

"Although there is a 'strong judicial policy that favors settlements, particularly where complex class action litigation is concerned,' a settlement of class claims requires court approval." *Mary Nguyen v. Westlake Servs. Holding Co*., No. 8:23-cv-00854, 2025 U.S. Dist. LEXIS 147801, at *10 (C.D. Cal. Jan. 27, 2025) (quoting *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998)). And when "deciding whether to grant the Final Approval Motion and Fee Motion, the court analyzes (1) whether to certify a class for settlement purposes and (2) the fairness of the Settlement." *Id*.

## IV.    ARGUMENT

Final approval is proper under Rule 23 (a), Rule 23(b)(3),  Rule 23(e), the *Briseño* analysis, and the *Hanlon/Staton* factors. Borrelli Decl. ¶ 4. As explained

---

below, the Settlement is procedurally and substantively fair, reasonable, and adequate. *Id*. ¶ 5. Notably, California courts readily grant final approval of analogous data breach class action settlements. *See, e.g., Tanner v. Plavan Commer. Fueling, Inc.*, No. 3:24-cv-1341, 2025 U.S. Dist. LEXIS 150643, at *3 (S.D. Cal. Aug. 4, 2025) (granting final approval of a data breach class action settlement); *Harbour v. Cal. Health & Wellness Plan*, No. 5:21-cv-03322, 2024 U.S. Dist. LEXIS 7783, at *27 (N.D. Cal. Jan. 16, 2024) (same); *Carter v. Vivendi Ticketing United States LLC*, No. SACV 22-01981, 2023 U.S. Dist. LEXIS 210744, at *36 (C.D. Cal. Oct. 30, 2023) (same); *Gupta v. Aeries Software, Inc.*, No. SA CV 20-0995, 2023 U.S. Dist. LEXIS 36141, at *21 (C.D. Cal. Mar. 3, 2023) (same); *Hashemi v. Bosley, Inc.*, No. CV 21-946, 2022 U.S. Dist. LEXIS 210946, at *1 (C.D. Cal. Nov. 21, 2022). Here too, the Court should grant final approval.

### A.    The Settlement Class satisfies Rule 23 (a) and Rule 23(b)(3).

Previously, the Court found that the Settlement Class satisfied Rule 23 (a) and Rule 23(b)(3). Dkt. No. 57. Since then, there has been no intervening change in law or fact to disturb the Court's initial finding. *See Atzin v. Anthem, Inc.*, No. 2:17-cv-06816, 2022 U.S. Dist. LEXIS 166417, at *8–9 (C.D. Cal. Sep. 14, 2022) ("Nothing has changed to disturb that conclusion, and class certification remains appropriate."). And as explained below, the Settlement Class still satisfies numerosity, commonality, typicality, adequacy, predominance, and superiority. Borrelli Decl. ¶ 6. Thus, the Court should grant final approval.

***Numerosity*** is satisfied when "the class is so numerous that joinder of all members is impracticable[.]" Fed. R. Civ. P. 23(a)(1) . "As a general matter, courts have found that numerosity is satisfied when class size exceeds 40 members." *Moore v. Ulta Salon, Cosmetics & Fragrance, Inc*., 311 F.R.D. 590, 602–03 (C.D. Cal. 2015). Here, there are 24,226 Settlement Class Members. Azari Decl. ¶ 11. Thus, numerosity is readily satisfied. *See Tanner*, 2025 U.S. Dist. LEXIS 150643, at *5 (granting final approval and finding numerosity satisfied with 2,948 class members).

***Commonality*** is satisfied when "there are questions of law or fact common to the class[.]" Fed. R. Civ. P. 23(a)(2). Here, there are numerous common questions including "if Defendant had a duty to use reasonable care in safeguarding Plaintiffs' and the Class's PII" and "if Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Data Breach" and "if the Data Breach caused Plaintiffs and the Class injuries[.]" CAC ¶ 102. These questions establish commonality. *See, e.g., Tanner*, 2025 U.S. Dist. LEXIS 150643, at *5–6 (granting final approval of a data breach settlement and finding commonality satisfied); *Harbour*, 2024 U.S. Dist. LEXIS 7783, at *9–10 (same); *Carter*, 2023 U.S. Dist. LEXIS 210744, at *9–10 (same).

***Typicality*** is satisfied when "the claims or defenses of the representative parties are typical of the claims or defenses of the class[.]" Fed. R. Civ. P. 23(a)(3). Here, the claims and relevant defenses of Plaintiffs mirror those of Class Members— after all, the claims and defenses all arise from the same Data Incident. Borrelli Decl.

¶ 7. These similarities establish typicality. *See, e.g., Tanner*, 2025 U.S. Dist. LEXIS 150643, at *5–6 (granting final approval of a data breach settlement and finding typicality satisfied); *Harbour*, 2024 U.S. Dist. LEXIS 7783, at *9–10 (same); *Carter*, 2023 U.S. Dist. LEXIS 210744, at *9–10 (same).

***Adequacy*** is satisfied when "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Here, Class Counsel "has significant experience in complex class action litigation and is currently litigating hundreds of data breach cases in courts across the country." Borrelli Decl. ¶ 8. Moreover, Plaintiffs Omar Bolanos and Caren Luke have vigorously prosecuted this case for the benefit of all Settlement Class Members and have participated in the litigation, reviewed pleadings, and participated in the factual investigation of the case. *Id*. ¶ 9. These facts establish adequacy. *See also Tanner*, 2025 U.S. Dist. LEXIS 150643, at *5–6 (granting final approval of a data breach settlement and finding adequacy satisfied); *Harbour*, 2024 U.S. Dist. LEXIS 7783, at *9–10 (same); *Carter*, 2023 U.S. Dist. LEXIS 210744, at *9–10 (same).

***Predominance*** is satisfied when "questions of law or fact common to class members predominate over any questions affecting only individual members[.]" Fed. R. Civ. P. 23(b)(3). For example, in *Tanner*, the court granted final approval after finding that "[t]he main common question in this case which would be subject to common proof is whether [defendant] failed to properly secure and safeguard the Settlement Class's personal identifiable information" and "[t]hat question predominates in the case." 2025 U.S. Dist. LEXIS 150643, at *5–6. Here too, "the

---

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT AND
MEMORANDUM IN SUPPORT – 9

main question of this case is whether Defendant failed to properly secure the PII of its current and former customers." Borrelli Decl. ¶ 10. Thus, predominance is satisfied. *See also Harbour*, 2024 U.S. Dist. LEXIS 7783, at *9–10 (granting final approval of a data breach settlement and finding predominance satisfied); *Carter*, 2023 U.S. Dist. LEXIS 210744, at *9–10 (same).

**Superiority** is satisfied when "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). For example, in *Tanner*, the court granted final approval after finding that "given . . . the number of potential class members, the Court concludes that a class action is a superior mechanism[.]" 2025 U.S. Dist. LEXIS 150643, at *5–6. Here too, individual adjudication of the 24,226 claims of Class Members would strain judicial resources. Borrelli Decl. ¶ 11. Thus, superiority is satisfied. *See also Harbour*, 2024 U.S. Dist. LEXIS 7783, at *9–10 (granting final approval of a data breach settlement and finding superiority satisfied); *Carter*, 2023 U.S. Dist. LEXIS 210744, at *9–10 (same).

## B.    Final Approval Is Appropriate Under Rule 23 (e).

Under Rule 23 (e), courts must consider four factors when determining if a settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). These factors include two "procedural factors" and two "substantive factors." WILLIAM B. RUBENSTEIN, NEWBERG AND RUBENSTEIN ON CLASS ACTIONS § 13:48 (6th ed. 2022). The "procedural factors" are whether "(A) the class representatives and class counsel have adequately represented the class" and "(B) the proposal was negotiated at arm's

length[.]" Fed. R. Civ. P. 23(e)(2). The "substantive factors" are whether "(C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other." *Id*. Here, all four factors support final approval.

### 1. Class Counsel and Plaintiffs Provided Adequate Representation.

The procedural factor Rule 23 (e)(2)(A) supports final approval because Class Counsel and the Plaintiffs provided adequate representation. Borrelli Decl. ¶ 12. As explained above, Class Counsel has significant experience in data breach class action litigation. *Id*. ¶ 8. Moreover, Plaintiffs Omar Bolanos and Caren Luke have vigorously prosecuted this case for the benefit of all Settlement Class Members and have participated in the litigation, reviewed pleadings, and participated in the factual investigation of the case. *Id*. ¶ 9. Thus, this factor supports final approval. *See Tanner*, 2025 U.S. Dist. LEXIS 150643, at *7–8 (finding that this factor supported final approval).

### 2. The Settlement was Negotiated at Arm's Length.

The procedural factor Rule 23 (e)(2)(B) supports final approval because the Settlement was negotiated at arm's length. Borrelli Decl. ¶ 13. Here, the Parties

---

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT – 11

exchanged informal discovery which enabled the Parties to better evaluate the strengths and weaknesses of the underlying claims and defenses. *Id*. ¶ 32. Then, the Parties engaged in arm's length negotiations. *Id*. ¶ 13.  Moreover, "to avoid any conflict of interest, the Parties agreed to not negotiate attorney fees or the service award until after the core terms of the Settlement were agreed upon." *Id*. ¶ 14. Thus, this factor supports final approval. *See Tanner*, 2025 U.S. Dist. LEXIS 150643, at *7–8 (finding that this factor supported final approval).

### 3.     The Settlement Provides Adequate Relief.

The substantive factor Rule 23 (e)(2)(C) supports final approval because the relief provided by the Settlement is adequate. Borrelli Decl. ¶ 15. Here, the Settlement Fund of $425,000.00 equates to a value of $17.57 per Settlement Class Member—which compares favorably to analogous data breach class action settlements.  *See, e.g., Harbour*, 2024 U.S. Dist. LEXIS 7783, at *27 (providing approximately $6.62 per person for a class of 1.51 million); *Tanner*, 2025 U.S. Dist. LEXIS 150643, at *3–5 (providing approximately $101.76 per person for a class of 2,948); *Carter*, 2023 U.S. Dist. LEXIS 210744, at *3–5 (providing approximately $6.86 per person for a class of 437,310); *Gupta*, 2023 U.S. Dist. LEXIS 36141, at *5–6 (providing approximately $17.82 per person for a class of 98,199); *Hashemi*, 2022 U.S. Dist. LEXIS 210946, at *1 (providing approximately $4.62 per person for a class of 108,101).

Moreover, the substantive factors in Rule 23 (e)(2)(C) includes four (4) separate subfactors for the court to "tak[e] into account." *See* Rule 23(e)(2)(C). Here, three of these subfactors support final approval, and one subfactor is neutral.

***First***, Rule 23 (e)(2)(C)(i) supports final approval because trial and/or appeal would be costly, risky, and would delay relief to Class Members. Borrelli Decl. ¶ 16. Indeed, "Plaintiffs faced serious risks prevailing on the merits, including proving causation, as well as risks at class certification and at trial, and surviving appeal." *Id*. ¶ 17. Thus, "a settlement today not only avoids the risks of continued litigation, but it also provides benefits to the Settlement Class Members now as opposed to after years of risky litigation." *Id*. ¶ 18. Thus, Rule 23(e)(2)(C)(i) supports final approval. *See Tanner*, 2025 U.S. Dist. LEXIS 150643, at *9 (finding that this factor supported final approval).

***Second***, Rule 23 (e)(2)(C)(ii) supports final approval because the proposed methods for distributing relief and processing claims are effective. Borrelli Decl. ¶ 19. Here, the relief is tailored to the specific injuries that Settlement Class Members incurred (i.e., compensation for out-of-pocket losses versus cash payments). S.A. ¶ 2.2. Moreover, Settlement Class Members were able to file claims via mail or online—which resulted in a strong claims rate of 3.8%. *See* Azari Decl. ¶ 21. Simply put, the Settlement—and the methods for distributing relief and processing claims— compare favorably with analogous data breach settlements. *See Tanner*, 2025 U.S. Dist. LEXIS 150643, at *9–10 (finding that this factor supported final approval

because "the relief distribution is straightforward" and "[c]lass members were able to easily complete and submit either by mail or online a claim form").

**Third**, Rule 23 (e)(2)(C)(iii) supports final approval because the proposed award of attorney fees is reasonable. Borrelli Decl. ¶ 20. The Settlement Agreement contemplated a fee award of "no more than one-third (33.33%) of the Settlement Fund" but Plaintiffs have requested a lower percentage of 25% of the Settlement Fund for attorney fees. *Id*. ¶ 25; S.A. ¶ 11.1. Additionally, Class Counsel has requested that Epiq delay disbursing any Court approved attorney fees until the Settlement Class Members are issued settlement payments. Borrelli Decl. ¶ 21. As such, Class Counsel will not receive payment before Class Members—which further supports the reasonableness of the Settlement and the proposed fee award. *Id*. ¶ 22. Thus, Rule 23 (e)(2)(C)(iii) supports final approval.

**Fourth**, Rule 23 (e)(2)(C)(iv) is neutral toward final approval because there is no agreement that requires identification. *Id*. ¶ 23.

### 4.    The Settlement Treats Class Members Equitably.

The substantive factor Rule 23 (e)(2)(D) supports final approval because the Settlement treats Class Members equitably. Borrelli Decl. ¶ 24. For example, in *Tanner*, the court held that "this factor is satisfied because although class members may receive differing payouts under the Settlement, those differing amounts are based on class members' differing costs resulting from the data breach." 2025 U.S. Dist. LEXIS 150643, at *10–11. Likewise, the Settlement provides relief tailored to

---

the specific injuries that Settlement Class Members incurred (i.e., compensation for out-of-pocket losses versus cash payments). S.A. ¶¶ 2.1–2.2.

Finally, the requested Service Awards of $5,000 are "presumptively reasonable." *Tanner*, 2025 U.S. Dist. LEXIS 150643, at *18–19 (collecting cases); *see also Tobias v. Nvidia Corp.,* No. 20-cv-06081, 2025 U.S. Dist. LEXIS 11615, at *3 n.1 (N.D. Cal. Jan. 16, 2025) ("At some point, the common law will have to reckon with inflation. $5,000 in February 2012, when the *Harris* decision was issued, had the same buying power as $6,931.41.").

In sum, the procedural and substantive factors of Rule 23(e)(2) all support final approval (with the caveat that Rule 23(e)(2)(C)(iv) is neutral).

C.    **The Settlement is Proper Under *Briseño* and the *Bluetooth* Factors.**

In the Ninth Circuit, class action settlements are often reviewed for the "three red flags" delineated by *Briseño v. Henderson*, 998 F.3d 1014, 1026 (9th Cir. 2021). These "three red flags" are also called the *"Bluetooth"* factors. *Id*. The three (3) factors are: "(i) if class counsel receives a disproportionate distribution of the gross settlement amount; (ii) if any of the gross settlement amount reverts to the defendant; and (iii) if there is a 'clear sailing arrangement.'" *Hashemi*, 2022 U.S. Dist. LEXIS 210946, at *17.

The first factor is satisfied because Class Counsel has requested the "benchmark" amount of 25% of the fund. Borrelli Decl. ¶ 25. The second factor is satisfied because the Settlement Agreement lacks a "reverter" or "kicker" clause." *Id*. ¶ 26. And while the Settlement Agreement provides that Defendant "not to object

to or otherwise challenge, directly, or indirectly," the fee motion, such a clause is not a death knell when the settlement is otherwise fair, reasonable, and adequate. S.A. ¶ 11.1. And "the mere presence of a clear sailing arrangement is not 'an independent basis for withholding settlement approval.'" *Hashemi*, 2022 U.S. Dist. LEXIS 210946, at *20–21 (quoting *Briseño*, 998 F.3d at 1027). Rather, "such arrangements are material only if there is evidence of at least one of the other two *Briseño* factors[.]" *Id*. Thus, the Settlement is proper under *Briseño*, and the Court should grant final approval.

### D.    The *Hanlon/Staton* Factors Support Final Approval.

In the Ninth Circuit, courts often apply the eight (8) *Hanlon/Staton* factors when evaluating the fairness, reasonableness, and adequacy of a class settlement. *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1026 (9th Cir. 1998).[1] While these factors largely overlap with the Rule 23 (e)(2) analysis, Class Counsel provides the following brief analysis of the *Hanlon/Staton* factors (for the sake of thoroughness).

As explained below, seven of the eight factors support approval (and one factor is neutral). Thus, on balance, the *Hanlon/Staton* factors support final approval.

### 1.    The Strength of Plaintiff's Case.

The first *Hanlon/Staton* factor supports final approval because the strength of Plaintiff's case is uncertain. Borrelli Decl. ¶ 27. To be sure, Plaintiffs believe in the

---

[1] The *Hanlon* factors are also called the "*Staton* factors" or the "*Churchill* factors." *See Briseño*, 998 F.3d at 1023 (9th Cir. 2021) (discussing the "*Hanlon/Staton* factors"); *Harbour*, 2024 U.S. Dist. LEXIS 7783, at *12 (N.D. Cal.) (discussing the "*Churchill* factors").

merits of their case, but Defendant "denies the allegations and causes of action pled in the Action." S.A. at Recitals; *see Tanner*, 2025 U.S. Dist. LEXIS 150643, at *9 ("While Plaintiff believes in the merits of the case, '[defendant] denies the allegations and the claims made in the Complaint' . . . and there is no guarantee that Plaintiff would prevail. The Court finds these risks weigh in favor of approval."); *see also In re Onix Grp., LLC Data Breach Litig*., No. 23-2288, 2024 U.S. Dist. LEXIS 225686, *27 (E.D. Pa. Dec. 13, 2024) ("[T]here is a risk of establishing liability, and in turn, damages, because this case involves a number of open questions, including whether Defendant owed a duty to the class to safeguard sensitive information, whether Defendant breached that duty[.]"). Thus, this factor supports final approval.

> ### 2.     The Risk, Expense, Complexity, and Duration of Litigation.

The second *Hanlon/Staton* factor supports final approval because further litigation would be complex, expensive, and protracted. Borrelli Decl. ¶ 28. Indeed, "data breach litigation raises complex issues of damages and causation which can impede, or even prevent, plaintiffs from achieving success on the merits." *Id*. ¶ 29; *see also Hashemi v. Bosley, Inc.,* No. CV 21-946, 2022 U.S. Dist. LEXIS 119454, at *18 (C.D. Cal. Feb. 22, 2022) (explaining that "data breach class actions are a relatively new type of litigation and that damages methodologies in data breach cases are largely untested and have yet to be presented to a jury"). Thus, this factor supports final approval.

### 3.    The Risk of Maintaining Class Action Status.

The third *Hanlon/Staton* factor supports final approval because achieving—and then maintaining—class certification is acutely difficult for data breach cases. Borrelli Decl. ¶ 30. Indeed, "no data breach class action has reached the trial stage . . . the trial risk is difficult to quantify and raises the uncertainty involved in the case[.]" *In re Canon United States Data Breach Litig*., No. 20-CV-6239, 2024 U.S. Dist. LEXIS 138499, at *30 (E.D.N.Y. Aug. 5, 2024); *see also Maldini v. Marriott Int'l, Inc.*, 140 F.4th 123 (4th Cir. 2025) (decertifying class in data breach class action). Thus, this factor supports final approval.

### 4.    The Amount Offered in Settlement.

The fourth *Hanlon/Staton* factor supports final approval because the Settlement provides substantial value—i.e., the Settlement Fund of $425,000.00 equates to a value of $17.57 per Settlement Class Member. Borrelli Decl. ¶ 31. Such relief compares favorably to analogous data breach class action settlements.  *See, e.g., Harbour*, 2024 U.S. Dist. LEXIS 7783, at *27 (providing approximately $6.62 per person for a class of 1.51 million); *Tanner*, 2025 U.S. Dist. LEXIS 150643, at *3–5 (providing approximately $101.76 per person for a class of 2,948); *Carter*, 2023 U.S. Dist. LEXIS 210744, at *3–5 (providing approximately $6.86 per person for a class of 437,310); *Gupta*, 2023 U.S. Dist. LEXIS 36141, at *5–6 (providing approximately $17.82 per person for a class of 98,199); *Hashemi*, 2022 U.S. Dist. LEXIS 210946, at *1 (providing approximately $4.62 per person for a class of 108,101). Thus, this factor supports final approval.

### 5.    The Extent of Discovery and Stage of Proceedings.

The fifth *Hanlon/Staton* factor supports final approval because Class Counsel engaged in substantial pre-suit discovery and the Parties exchanged informal discovery—including, *inter alia*, information about the scope of the Data Incident, the size of the Settlement Class, and Defendant's response to the Data Incident. Borrelli Decl. ¶ 32. Thus, the Parties were able to objectively evaluate the strengths and weaknesses of the underlying claims and defenses. *Id*. ¶ 33; *see also Tanner*, 2025 U.S. Dist. LEXIS 150643, at *8 ("Counsel possessed sufficient information to make an informed decision about the settlement[.]").Thus, this factor supports final approval.

### 6.    The Experience and Views of Counsel.

The sixth *Hanlon/Staton* factor supports final approval because Class Counsel "has significant experience in complex class action litigation and is currently litigating hundreds of data breach cases in courts across the country." Borrelli Decl. ¶ 34. And based off this experience, Class Counsel believes that the Settlement is fair, reasonable, and adequate. *Id*. ¶ 35; *see also Tanner*, 2025 U.S. Dist. LEXIS 150643, at *11 ("That such experienced counsel advocate in favor of the settlement weighs in favor of approval."). Thus, this factor supports final approval.

### 7.    The Presence of a Governmental Participant.

The seventh *Hanlon/Staton* factor is neutral because there is no governmental participant. Borrelli Decl. ¶ 36.

### 8.    The Reaction of the Class Members.

The eighth *Hanlon/Staton* factor supports final approval because the Settlement Class has reacted favorably to the Settlement. For one, Settlement Class Members submitted 921 valid claims—which equates to a claims rate of 3.8%. Azari Decl. ¶ 21. Moreover, zero (0) Settlement Class Members have submitted opt-out requests and zero (0) Settlement Class Members objected to the Settlement. *Id.* ¶ 19; *see also Tanner*, 2025 U.S. Dist. LEXIS 150643, at *12 ("The absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members."). Thus, this factor strongly supports final approval.

In sum, seven of the eight factors support final approval (and one factor is neutral). Thus, on balance, the *Hanlon/Staton* factors support final approval.

### E.    The Notice Program Satisfied Due Process.

The Court should approve the notice program—which was successful and provided direct notice to 92.4% of the Settlement Class. Azari Decl. ¶ 7. Moreover, the notice program provided Settlement Class Members with all the information required by due process, Rule 23 (c)(2)(B), and the Court's Preliminary Approval Order. *See* Dkt. No. 57. And the success of the notice program is underscored by the high claims rate of 3.8%. Azari Decl. ¶ 21. Thus, the success of the notice program further supports final approval. *See Tanner*, 2025 U.S. Dist. LEXIS 150643, at *7 (finding notice sufficient and granting final approval).

# V.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant final approval, finally certify the Settlement Class for purposes of settlement, and enter the proposed final approval order.

Dated: October 20, 2025          By: */s/ Raina C. Borrelli*

Raina C. Borrelli (*pro hac vice*)
Andrew G. Gunem (SBN 354042)
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N. Michigan Avenue, Ste. 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
raina@straussborrelli.com
agunem@straussborrelli.com

Scott Edelsberg (CA Bar No. 330990)
**EDELSBERG LAW, P.A.**
1925 Century Park E #170
Los Angeles, CA 90067
Telephone: (305) 975-3320
scott@edelsberglaw.com

*Attorneys for Plaintiffs and the Proposed Class*

## **CERTIFICATE OF COMPLIANCE**

I, Raina C. Borrelli, hereby certify that this brief contains 4,988 words, which complies with the word limit of L.R. 11-6.1.

Dated: October 20, 2025                    By: */s/ Raina C. Borrelli*
                                                     Raina C. Borrelli

## **CERTIFICATE OF SERVICE**

I, Raina C. Borrelli, hereby certify that on October 20, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record, below, via the ECF system.

Dated: October 20, 2025                    By: */s/ Raina C. Borrelli*
                                                     Raina C. Borrelli

---

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT